## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **T.L., J.L., and B.J.**

**No. 18-0695** (Kanawha County 17-JA-445, 17-JA-446, and 17-JA-447)

## MEMORANDUM DECISION

Petitioner Mother C.W., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's June 22, 2018, order terminating her parental rights to T.L., J.L., and B.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timbera C. Wilcox, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not providing her more time to improve her parenting.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed a petition alleging that T.L. was born in August of 2017 and tested positive for amphetamines, methamphetamines, buprenorphine and cotinine. According to the DHHR, petitioner admitted that she relapsed "during the beginning of her pregnancy." The DHHR instituted an in-home safety plan and provided petitioner with services. The DHHR also alleged that the father perpetrated domestic violence on petitioner while the children were present. Additionally, the DHHR alleged that petitioner threatened to kill herself and was placed in treatment following the filing of a mental hygiene petition. The DHHR further alleged that petitioner was homeless. The DHHR alleged that petitioner's substance abuse and mental health issues prevented her from parenting and providing suitable housing for the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not allege an assignment of error regarding the termination of her parental rights.

The circuit court held an adjudicatory hearing in December of 2017, and petitioner stipulated to the allegations of substance abuse, mental health issues, and homelessness as contained in the petition. Petitioner was granted a post-adjudicatory improvement period. The terms of the improvement period required petitioner to participate in adult life skills and parenting classes, supervised visitations, random drug screening, and a parental fitness evaluation.

In March of 2018, the circuit court terminated petitioner's improvement period.[3] The circuit court held a dispositional hearing in April of 2018 and noted that petitioner was not consistently compliant with the terms of the post-adjudicatory improvement period. However, based upon petitioner's representation that she was enrolled in outpatient substance abuse treatment and participating in that treatment, the circuit court continued the dispositional hearing to afford her the opportunity to resolve her substance abuse problem.

In June of 2018, the circuit court held the final dispositional hearing, and the DHHR moved to terminate petitioner's parental rights. The DHHR's evidence showed that petitioner continued to test positive for methamphetamines during the proceedings and failed to complete a substance abuse treatment program. According to the DHHR, petitioner entered into multiple substance abuse treatment programs, but left against advice after three days or less. Petitioner testified that she was currently participating in an outpatient substance abuse treatment and would receive a Vivitrol shot the next day. Petitioner asserted that she had not used any controlled substances for "almost two weeks now." Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected due to petitioner's substance abuse addiction and her failure to follow through with the appropriate treatment. Further, the circuit court found that the best interests of the children require termination of petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights in its June 22, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]The record on appeal does not contain an order terminating petitioner's improvement period; however, petitioner admits in her brief that her improvement period was terminated on March 13, 2018.

[4]T.L. and J.L.'s father's parental rights were terminated below. B.L. remains in the custody of her non-abusing father. According to the parties, T.L. and J.L. are in a relative foster placement and their permanency plan is adoption in that home.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in not providing her additional time to improve her parenting. Petitioner asserts that when a parent demonstrates that she is likely to participate in an improvement period, she should be granted an improvement period. Further, petitioner argues that she was not afforded an opportunity to improve before her parental rights were terminated. We find no merit to petitioner's argument.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Petitioner did not demonstrate that she was likely to fully participate in an additional improvement period. Petitioner did not fully comply with services during her post-adjudicatory improvement period. Further, petitioner did not present any evidence, other than her testimony, that she participated in any substance abuse treatment. The circuit court provided petitioner with multiple opportunities since the initiation of the proceedings and petitioner frequently indicated that she would enter into a substance abuse treatment. However, the evidence shows that petitioner's attempted compliance with substance abuse treatments were all short-lived and ineffective in remedying her substance abuse. On appeal, petitioner admits that "there is little dispute that [petitioner] did not fully participate in each and every service while in her improvement period." Petitioner's assertion that she was not given an opportunity to improve misstates the proceedings. Petitioner was granted an improvement period and failed to comply by continuing to abuse illicit substances. Therefore, we find no error in the circuit court denying petitioner additional time to comply with services as she did not demonstrate a likelihood that she would comply.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2018, order is hereby affirmed.

Affirmed.

3

**ISSUED**:  November 21, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment